**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 13, 2024**

# In the Court of Appeals of Georgia

A24A0272. RUTLEDGE v. THE STATE.

MARKLE, Judge.

Following a jury trial, Ty Rutledge was convicted of simple battery. He appeals from the trial court's denial of his motion for new trial, contending that the trial court erred by denying his motion for immunity under OCGA § 16-3-24.2. Finding no error, we affirm.

"When reviewing the denial of an immunity motion, an appellate court must view the evidence in the light most favorable to the trial court's ruling, and accept the trial court's findings of fact and credibility determinations if there is any evidence to support them." (Citation and punctuation omitted.) *Jennings v. State*, 363 Ga. App. 170, 176 (2) (869 SE2d 93) (2022).

So viewed, the record shows that Rutledge was charged with simple battery following an altercation with his granddaughter's boyfriend.[1] Rutledge filed a motion for immunity pursuant to OCGA § 16-3-24.2, claiming he was justified in the use of force to defend his home under OCGA § 16-3-23 and his property under OCGA § 16-3-24.

The evidence presented at the subsequent pre-trial hearing showed that, at the time of the incident, Rutledge's 18-year-old granddaughter, T. R., was living in the home shared by Rutledge and T. R.'s aunt. T. R. testified that she had told Rutledge and her aunt that she had decided to move in with her uncle, and she began packing. She invited her boyfriend and another male onto the property to help carry her belongings to her uncle's car, which was parked on the road above. She stated that she left her belongings on the porch or on the grass outside the home, and that she did not see either man enter the home. As she was handing off a bundle of clothes to her boyfriend; Rutledge came outside and told her boyfriend to get off the property. He then slapped her boyfriend in the face, at which point, her boyfriend ran back to the

---

[1] Rutledge was acquitted of a related charge for falsely reporting a crime.

car. T. R. further recounted that her boyfriend had not acted aggressively toward her grandfather.

The aunt testified that she and Rutledge were startled when they saw two men rapidly approaching the house. She yelled at them to get off the property multiple times. She admitted that T. R. had told her and Rutledge she was moving out, and that her friends were helping her. She also testified that the boyfriend had tried to enter the house and shoved Rutledge with his shoulder when trying to move past him. She did not see Rutledge slap the boyfriend, but she had seen the boyfriend run off the property, shouting that Rutledge had hit him.

Rutledge did not testify at the hearing. He and the State played contemporaneous video recordings, but they do not show the altercation at issue.

The trial court denied the motion for immunity, finding that the evidence raised a question of fact for the jury.[2] A jury ultimately convicted Rutledge of simple battery.[3]

---

[2] We are not persuaded by Rutledge's contention that the trial court impermissibly conflated its duty to determine the issue of immunity with the jury's duty to determine whether a justification defense is successful. See *Pate v. State*, 364 Ga. App. 107, 108 (2) (874 SE2d 132) (2022) (Trial courts determine whether a defendant is entitled to immunity prior to trial; however, a defendant's justification defense is left to a jury to decide, and the State bears the burden of disproving the defense beyond a reasonable doubt.). The transcript reflects that the trial court pronounced its decision that immunity was not warranted in this case, and further

He filed a motion for new trial, challenging the trial court's decision on his immunity motion. Following a hearing, the trial court denied the motion, and this appeal followed.

In a single enumeration of error, Rutledge claims the trial court erred by denying his motion for immunity under OCGA §§ 16-3-23; 16-3-23.1; 16-3-24; and 16-3-24.2. Having reviewed the transcripts of the pretrial hearing and the video recordings, we conclude the trial court did not err.[4]

---

instructed that it would not "prevent [Rutledge] from raising a defense of justification" at trial. As such, the trial court correctly construed the applicable law, and Rutledge mischaracterizes its ruling in his appellate brief.

[3] Rutledge renewed his motion for immunity after the close of evidence, and the trial court again denied it.

[4] In his appellate briefs, Rutledge improperly references trial testimony, which we do not consider in deciding the issue on appeal. See *Sifuentes v. State*, 293 Ga. 441, 444 (2), n. 3 (746 SE2d 127) (2013) (reviewing the transcript from the motion hearing, and noting, "the court's ruling [on a defendant's immunity motion] must be based solely on the evidence presented at a pretrial hearing"). However, in reviewing a trial court's denial of a motion for immunity, "we may consider facts that definitively can be ascertained exclusively by reference to evidence that is uncontradicted and presents no questions of credibility, such as facts indisputably discernible from a videotape." (Citation and punctuation omitted.) *Allen v. State*, 317 Ga. 1, 5 (1) (890 SE2d 700) (2023). Here, the relevant recordings were consistent with the trial court's conclusion.

OCGA § 16-3-23 provides that "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into . . . a habitation."[5] Similarly, OCGA § 16-3-24 provides, in pertinent part, that "[a] person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with real property other than a habitation" that is lawfully within his or an immediate family member's possession. OCGA § 16-3-23.1 provides that a person justified in using force under certain Code sections, including the two mentioned above, has no duty to retreat, but may stand his ground. And, OCGA § 16-3-24.2 authorizes the immunity from prosecution of any person who uses force in accordance with the above three Code sections. A defendant claiming immunity under these statutes bears the burden of proof by a preponderance of the evidence. *Pate v. State*, 364 Ga. App. 107, 108 (2) (874 SE2d 132) (2022).

---

[5] OCGA § 16-3-24.1 defines "habitation" as "any dwelling, motor vehicle, or place of business."

Rutledge's arguments center on whether T. R. was authorized to invite her boyfriend onto the property and, thus, whether the boyfriend was trespassing. But, even assuming that the boyfriend was trespassing, Rutledge failed to meet his burden to show he reasonably believed force was necessary to protect his home and property. See OCGA §§ 16-3-23; 16-3-24. As recounted above, T. R.'s testimony directly conflicted with her aunt's. And, in denying immunity, the trial court impliedly credited T. R.'s testimony that her boyfriend was not acting aggressively, but instead had his hands full with her clothes, when Rutledge struck him. See *Blazer v. State*, 266 Ga. App. 743, 744, 745 (2) (598 SE2d 338) (2004) (affirming trial court's denial of an immunity motion where there was conflicting evidence of a battery, noting: "The differences between the two versions are critical."); *Pate*, 364 Ga. App. at 108 (2), 111 (3) (We defer to the trial court's credibility determinations on a motion for immunity.).

There was thus some evidence that Rutledge was not justified in using force in this instance, and we affirm the trial court's denial of the motion for immunity. See *Pate*, 364 Ga. App. at 111 (3); *Jennings*, 363 Ga. App. at 176 (2); *Blazer*, 266 Ga. App. at 745 (2).

*Judgment affirmed. Miller, P. J., and Land, J., concur.*